UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE BLACK,
    Petitioner,

v.                                                               Case No. 22-C-261

STATE OF WISCONSIN,
    Respondent.

## ORDER

George Black has petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his pre-extradition detention. Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), I may apply the Rules Governing § 2254 Cases to Section 2241 petitions. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration. "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases.

To start, the State of Wisconsin is not a proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005). The Rules Governing § 2254 Cases make clear that the proper respondent is "the state officer who has custody" of the petitioner. Rule 2(a), Rules Governing § 2254 Cases. Moreover, the State of Wisconsin "has sovereign immunity from suit in federal court." *Bridges*, 425 F.3d at 1050.

Even if Black had named a proper respondent, his petition has become moot. According to the petition, at the time of filing, Black was detained in the Milwaukee County Jail for extradition from Wisconsin to Indiana. ECF No. 1 at 1; Milwaukee County Case

No. 21CF005208. However, according to a state court docket entry dated March 18, 2022, Black "has been turned over to the State of Indiana." *See* Milwaukee County Case No. 21CF005208 (available at https://wcca.wicourts.gov). This is fatal for Black's petition. "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007) (holding that an invalid extradition is not "a sufficient ground upon which to grant habeas relief once the fugitive is present in the jurisdiction from which he fled")*; Leventhal v. Johnson*, No. 21-C-507, 2021 WL 2383942, at *2 (E.D. Wis. May 19, 2021), *report and recommendation adopted*, No. 21-C-507, 2021 WL 2383239 (E.D. Wis. June 10, 2021).Thus, it plainly appears that Black is not entitled to relief in this court.

    **IT IS THEREFORE ORDERED** that Black's petition is **DENIED** and the case **DISMISSED**. The Clerk of Court shall notify Black of this order.

    Dated at Milwaukee, Wisconsin, on this 24th day of March, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge
